IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICIA HATFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 13-26 |
| ) | Judge Nora Barry Fischer |
| RICH FITZGERALD, MARCIA STURDIVANT, ) | |
| ALLEGHENY COUNTY CHILDREN, YOUTH & ) | |
| FAMILIES MON VALLEY REGIONAL OFFICE, ) | |
| AMANDA BERUBE, and KATHLEEN TENNANT, ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This is a civil rights action in which *pro se* Plaintiff Alicia Hatfield has brought claims seeking injunctive relief and monetary damages against Defendants Allegheny County Children, Youth & Families, Mon Valley Regional Office ("CYF"), Rich Fitzgerald, Allegheny County Executive, Marcia Sturdivant, Executive Director, CYF, Amanda Berube, CYF caseworker, and Kathleen Tennant, CYF supervisor. (Docket Nos. 6, 16). As stated in her Amended Complaint and More Definitive Statement, Plaintiff's claims arise from the removal of her children from her custody on March 12, 2012 and actions allegedly taken by Defendants (although her primary complaints lie with Defendant Berube's actions) during related and ongoing judicial proceedings in the Family Division of the Court of Common Pleas of Allegheny County. (*Id.*). She seeks relief under 42 U.S.C. § 1983 to enforce supposed violations of her constitutional rights under the Fourth and Fourteenth Amendments and has attempted to bring claims for intentional infliction of emotional distress, fraud, and for alleged violations of the Health Insurance Portability and Accountability Act ("HIPPA"). (*Id.*). Ultimately, Plaintiff

1

seeks the reinstatement of her parental rights, the return of her children to her custody, and monetary compensation.   (*Id.*).

Defendants seek dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and have raised a host of defenses to Plaintiff's claims.   (Docket Nos. 20, 21, 26).   Among them, Defendants contend that: Plaintiff's claims are barred under the *Rooker-Feldman* doctrine; the Court should abstain from hearing Plaintiff's claims at this time given the ongoing proceedings in state court under *Younger v. Harris*, 401 U.S. 37 (1971); they are entitled to Eleventh Amendment immunity; the claims against Defendants Fitzgerald Sturdivant and CYF and the HIPPA claims against all Defendants should be dismissed for failure to state a claim; and, that the Defendants are shielded by immunity under the Political Subdivision Tort Claims Act from the common law claims.   (*Id.*).   In all, Defendants seek dismissal of this entire case or, alternatively, request that the Court abstain from hearing the case at this juncture. (*Id.*). In support of their abstention argument, and upon the Court's request, Defendants have also provided the Court with information concerning the proceedings in the Court of Common Pleas of Allegheny County, Family Division, which demonstrate that those proceedings are ongoing before the Honorable Kathryn Hens-Greco.   (Docket Nos. 26-1, 26-2). To this end, during these proceedings, orders were entered terminating Plaintiff's parental rights concerning her minor children and making custody determinations for the children, including placing them in the custody and care of other individuals.   (*Id.*).   The next hearing in those matters is presently scheduled for July 8, 2013.   (*Id.*).

After careful consideration of the parties' arguments, and giving liberal construction to Plaintiff's *pro se* allegations, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), in light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), and Third Circuit precedent, including *Capagrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009), and for the following reasons, Defendants' Motion to Dismiss is GRANTED, IN PART and DENIED, IN PART.

At the outset, the Court is mindful of the United States Court of Appeals for the Third Circuit's interpretation of *Younger v. Harris*, which requires that "federal courts … abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." *Miller v. Mitchell*, 598 F.3d 139, 145-46 (3d Cir. 2010) (citing *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). Further, "*Younger* abstention is only appropriate where the following three requirements are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Addiction Specialists, Inc.*, 411 F.3d at 408 (citation omitted). However, even if all three requirements are met, the Court does not have "discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." *Dicesare v. Office of Children, Youth & Families*, Civ. A. No. 11-985, 2012 WL 2872811, at *6 (W.D. Pa. Jul. 12, 2012) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Williams v. Hepting*, 844 F.2d 138, 144-45 (3d Cir. 1988)).

In this Court's estimation, all three of the elements of the *Younger* test are satisfied. First, the Court finds that the ongoing state court proceedings are related to this matter, as evidenced by the docket reports and order presented by Defendants in conjunction with their Reply. (*See* Docket Nos. 26-1, 26-2). Said documents reflect that three cases involving the Plaintiff's parental rights and the custody of several of her children are presently ongoing in the Court of Common Pleas, Family Division, and the next hearing on those matters is scheduled to commence on July 8, 2013 before Judge Hans-Greco. (*Id.*). These proceedings regarding Plaintiff's parental and custody rights taking place in the Family Division of the Court of Common Pleas are undoubtedly "judicial in nature." *See Dicesare*, 2012 WL 2872811, at *6 (citing *McDaniels v. N.J. Div. of Youth and Family Servs.*, 144 F. App'x 213, 215 (3d Cir. 2005) (holding that proceedings filed against the plaintiff by the defendant in state court to terminate the plaintiff's parental rights were judicial in nature for the purposes of abstention)). It is also well settled that important state interests are at stake in those proceedings, i.e., "the important state interest in fair administration of child custody and parental rights proceedings." *Id.* (citing *Moore v. Sims*, 442 U.S. 415, 427 (1979) (recognizing the state interest in civil proceedings to prevent the abuse of children)). Finally, the Court of Common Pleas is an appropriate venue to raise constitutional claims challenging the actions taken by Defendants in child custody matters and the ongoing proceedings will provide Plaintiff with the opportunity to argue her positions to the Judge or Judges assigned to the child custody cases. *See id.* She also may potentially appeal any adverse rulings to the appropriate appellate courts in Pennsylvania. *Id.*

Despite the fact that all three of the prongs of the *Younger* test have been satisfied, the Court recognizes that Plaintiff would not be entitled to monetary damages if she prevails in the child custody proceedings. Therefore, in light of the Supreme Court's dictates in *Deakins*, 484 U.S. at 202, and Third Circuit precedent such as *Williams*, 844 F.2d at 144-45, this Court must stay Plaintiff's claims for money damages during the pendency of the state child custody proceedings, including any proceedings in the Court of Common Pleas, Family Division, taking place after the July 8, 2013 hearing and any appeals to the appropriate higher courts in the Pennsylvania judicial system. When faced with cases in a similar procedural posture as this one, Judges in this District have issued an administrative closeout order during the pendency of the stay because of the uncertain length of the ongoing proceedings. *See DiCesare,* 2012 WL 2872811 at *7; *Donahue's Personal Care I, et al. v. Comm. of Pennsylvania, Department of Public Welfare, et al*, Civ. A. No. 11-1572, 2012 WL 4926366, at *3-4. In addition, courts have also set deadlines for the parties to reopen the case at the time when the state proceedings had fully concluded. *See id.* This Court agrees that a similar procedure should be employed in this case.

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [20] is GRANTED, IN PART and DENIED, IN PART. Said Motion is granted to the extent that the Court will abstain from hearing Plaintiff's claims for injunctive and declaratory relief and will stay this case as to her claims requesting monetary damages. Said Motion is denied, without prejudice, in all other respects;

IT IS FURTHER ORDERED that this case is STAYED pending the resolution of Plaintiff's ongoing state proceedings;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED until further notice from the Court;

IT IS FURTHER ORDERED that the parties shall file a notice with the Court that the state proceedings have concluded, including any appeals to higher courts within the state judicial system; and,

FINALLY, IT IS ORDERED that Plaintiff shall file a motion to reopen this case within thirty (30) days of the filing of such a notice that all state proceedings have concluded. Failure to do so may result in dismissal of this case for failure to prosecute. Upon the entry of an order reopening this case, Defendants may renew their motion to dismiss Plaintiff's remaining claims.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:       June 27, 2013

cc/ecf:     Counsel of Record

        Alicia Hatfield
        176 West Hills Drive Apt E-17
        Greensburg, PA 15601
        (Regular & Certified Mail)