IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALICIA HATFIELD,

        Plaintiff,

vs.

AMANDA BERUBE and KATHLEEN TENNANT,

        Defendants.

Civil Action No. 2:13-cv-00026

Judge Nora Barry Fischer

## DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS FOR SUMMARY JUDGMENT

Pursuant to LCvR 56(B)(1), Defendants Amanda Berube and Kathleen Tennant file the following Concise Statement of Material Facts, which sets forth the facts essential for this Court to decide Defendants' Motion for Summary Judgment. The Defendants contend that the following facts are undisputed and material, and include facts that are to be assumed as true only for the purposes of determining Defendants' Summary Judgment Motion.

1. Plaintiff, Alicia Hatfield, is the natural mother of four minor children, A.F., B.H., J.H., and M.M. (Exhibit A, Hatfield Family Information).

2. Defendant Berube, a caseworker employed by the Allegheny County Office of Children, Youth, and Families ("CYF"), was assigned the Hatfield case in January of 2012. (Exhibit B, Berube Declaration, ¶¶ 2-3).

3. Defendant Berube's supervisor on the Hatfield case was Defendant Kathleen Tennant. (Exhibit B, Berube Declaration, ¶ 4).

4. As a part of her investigation, Defendant Berube made multiple visits to Plaintiff's home at 358 West 11th Avenue, Homestead, PA 15120. (Exhibit B, Berube Declaration, ¶¶ 5-8).

5. Plaintiff lived at this address with her four children and Steve Fey, her paramour. (Exhibit B, Berube Declaration, ¶ 5).

### *February 7, 2012 Home Visit*

6. Defendant Berube's first visit to the Hatfield home was on February 7, 2012. (Exhibit B, Berube Declaration, ¶ 6).

7. Nothing involving Defendant Berube's February 7th visit violated Plaintiff's constitutional rights or provides a basis for her claim for Intentional Infliction of Emotional Distress. (Exhibit C, Plaintiff's Deposition, 43:16-25, 44:1-2).

8. However, based on Defendant Berube's February 7, 2012 visit, Defendant Berube had concerns, among others, with the conditions of the home. (Exhibit D, 3-15-2012 Dependency Petition, AC-AH_000100.)

### *February 22, 2012 Home Visit*

9. Defendant Berube's second visit to the Hatfield home occurred on February 22, 2012. (Exhibit C, Plaintiff's Deposition, 45:7; Exhibit B, Berube Declaration, ¶ 7).

10. When Defendant Berube arrived on February 22, 2012, Mr. Fey answered the door and let her in to the home. (Exhibit C, Plaintiff's Deposition, 45:8-9).

11. Plaintiff could not hear any conversation between Mr. Fey and Defendant Berube as they re-entered the home. (Exhibit C, Plaintiff's Deposition, 45:25, 46:1-2).

12. Mr. Fey gave Defendant Berube consent to enter the home on February 22, 2012. (Exhibit B, Berube Declaration, ¶ 7(c)).

13. Defendant Berube did not force her way into the home on February 22, 2012. (Exhibit C, Plaintiff's Deposition, 46:7-10).

14. Neither Plaintiff nor Mr. Fey asked Defendant Berube to leave at any point during the visit on February 22, 2012. (Exhibit C, Plaintiff's Deposition, 54:3-5; Exhibit B, Berube Declaration, ¶ 7(e)).

15. Mr. Fey escorted Defendant Berube throughout the home. (Exhibit C, Plaintiff's Deposition, 49:10-11, 51:22-23; Exhibit B, Berube Declaration, ¶ 7(d)).

16. Plaintiff did not forbid Defendant Berube's walkthrough of the home. (Exhibit C, Plaintiff's Deposition, 104:3-14).

17. The walkthrough included the second floor. (Exhibit C, Plaintiff's Deposition, 54:14-21).

18. Mr. Fey removed the physical barrier to the second floor voluntarily. (Exhibit C, Plaintiff's Deposition, 54:14-21).

19. As a result of the walkthrough, Defendant Berube's concerns with the condition of the home included:

    a. The unfinished nature of the second floor;

    b. Broken windows;

    c. Exposed outlets;

    d. Danger of the ceiling collapsing into the first floor;

    e. Lack of water service to the kitchen; and

    f. The smell of animal urine.

(Exhibit D, 3-15-2012 Dependency Petition, AC-AH_000100).

20. During the visit, Defendant Berube told Plaintiff that if she did not address the issues concerning the condition of the house or find new housing, the children could be removed from the home. (Exhibit C, Plaintiff's Deposition, 55:15-25, 56:1-2; Exhibit B, Berube Declaration, ¶ 7(f)).

21. Plaintiff stated that she was moving out of the home. (Exhibit B, Berube Declaration, ¶ 7(g); Exhibit E, Emergency Custody Application, AC-AH_000109).

### *March 12, 2012 Removal*

22. On March 12, 2012, Defendant Berube filed identical Emergency Custody Applications with the Allegheny County Court of Common Pleas for emergency protective custody of Plaintiff's four children. (*See* Exhibit E, Emergency Custody Application, AC-AH_000107-109).

23. The Applications were signed by Defendant Tennant. (*See* Exhibit E, Emergency Custody Application, AC-AH_000107-109).

24. That same day, Allegheny County Court of Common Pleas, Family Division judge Cathleen C. Bubash issued an order for temporary emergency protective custody of Plaintiff's children. (Exhibit F, Orders for Emergency Protective Custody).

25. Pursuant to Judge Bubash's Orders, Defendant Berube went to the Hatfield home to remove the children. (Exhibit B, Berube Declaration, ¶ 8(a)).

26. Mr. Fey answered the door. (Exhibit B, Berube Declaration, ¶ 8(b)).

27. Defendant Berube told Mr. Fey that she was there to remove the children. (Exhibit B, Berube Declaration, ¶ 8(c)).

28. Defendant Berube provided Mr. Fey with a copy of Judge Bubash's Order. (Exhibit B, Berube Declaration, ¶ 8(d)).

29. Defendant Berube never entered the home on March 12, 2012. (Exhibit B, Berube Declaration, ¶ 8(e)).

30. Plaintiff did not personally receive a copy of Judge Bubash's Order authorizing the children's removal from Defendant Berube. (Exhibit C, Plaintiff's Deposition, 59:7-13).

*Further State Court Activity*

31. On March 14, 2012, the Hatfield family was provided a shelter hearing. (Exhibit C, Plaintiff's Deposition, 26:5-11).

32. Plaintiff was represented by an attorney at the March 14, 2012 shelter hearing. (Exhibit C, Plaintiff's Deposition, 26:12-13).

33. On April 16, 2012, the Court of Common Pleas of Allegheny County adjudicated each of Plaintiff's children dependent pursuant to the Pennsylvania Juvenile Act, 42 Pa. C.S.A. 6302. (Exhibit G, Dependency Adjudications).

34. B.H. and M.M. were adopted by their maternal grandmother. (Exhibit H, Adoption Orders).

35. Mr. Fey was awarded custody of A.F. (Exhibit I, A.F. Custody Order).

36. Plaintiff was eventually awarded custody of J.H. (Exhibit J, J.H. Custody Order).

*Defendant Tennant*

37. Defendant Tennant did not personally visit Plaintiff's home. (Exhibit C, Plaintiff's Deposition, 29:19-21).

38. Defendant Tennant did not personally attend any of Plaintiff's state court proceedings. (Exhibit C, Plaintiff's Deposition, 29:13-18).

39. Plaintiff believes that Defendant Tennant may have had knowledge or personal involvement in the deprivation of Plaintiff's rights based on Defendant Tennant's signature appearing on various documents filed with the state court. (Exhibit C, Plaintiff's Deposition, 30:6-13).

40. Plaintiff never witnessed Defendant Tennant personally directing Defendant Berube. (Exhibit C, Plaintiff's Deposition, 30:14-17).

41. Plaintiff spoke to Defendant Tennant on the telephone on at least two occasions. (Exhibit C, Plaintiff's Deposition, 31:14-20).

42. During these conversations, Plaintiff never related her constitutional concerns regarding Defendant Berube to Defendant Tennant. (Exhibit C, Plaintiff's Deposition, 32:12-18).

43. The first time Plaintiff met Defendant Tennant was in relation to this federal court matter. (Exhibit C, Plaintiff's Deposition, 29:2-10).

Respectfully submitted,

*/s/ Benjamin Trodden*
Benjamin Trodden
Pa. I.D. No. 318406
Allegheny County Assistant Solicitor

Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
421-350-5592
Benjamin.trodden@alleghenycounty.us

## CERTIFICATE OF SERVICE

I, Benjamin Trodden, Assistant County Solicitor, certify that a true and correct copy of Defendants' CONCISE STATEMENT OF MATERIAL FACTS was served on the following by e-mail and First Class Mail on the 13th of February 2017:

*Emtalicia78@gmail.com*
Alicia Hatfield
176 W. Hills Drive, Apt. E-17
Greensburg, PA 15601
(*Pro Se Plaintiff*)

Respectfully submitted,

*/s/ Benjamin Trodden*
Benjamin Trodden
Pa. I.D. No. 318406
Allegheny County Assistant Solicitor

Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
421-350-5592
Benjamin.trodden@alleghenycounty.us